8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy HORTON, Defendant-Appellant.
 No. 92-5531.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 30, 1993.
Decided: October 29, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.
 Brent E. Beveridge, Fairmont, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 A jury convicted Billy Horton of distributing crack cocaine within 1000 feet of a public school in Fairmont, West Virginia, in violation of 21 U.S.C.A. §§ 841(a)(1), 845a[1] (West 1981 & Supp. 1992). He now appeals arguing that he was entitled to view the entire transcript of the grand jury testimony of the Government's chief witness. We affirm.
 
 
 2
 Witnesses testified at trial that Horton sold two rocks of crack cocaine to Willis Dobbs, a confidential informant, for $100 while sitting in a parked vehicle near the school. Before trial, the Government furnished Horton with a redacted copy of Dobbs's grand jury testimony. The district court denied Horton's motion in limine to prohibit Dobbs from testifying at trial, or for a continuance, after reviewing in camera a complete transcript of Dobbs's grand jury testimony before Dobbs took the stand. The district judge found that nothing in the transcript referred to Horton besides those few pages turned over to his counsel.[2] The district court also denied Horton's motion to strike Dobbs's trial testimony after the Government presented its case-inchief.
 
 
 3
 Subsequent to the jury's verdict, the district court denied Horton's motion for a new trial and sentenced Horton to thirty months in prison, six years of supervised release, and ordered restitution of $100. Horton argues on appeal that the entire transcript of Dobbs's grand jury testimony should have been disclosed to aid in impeaching Dobbs and in finding exculpatory evidence.
 
 I.
 
 4
 Under the Jencks Act, a "statement" by a Government witness must be produced after the witness's direct examination at trial, if the statement relates to the subject matter of the witness's testimony, but it is often disclosed earlier. 18 U.S.C. § 3500(b) (1988); United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983). Since Congress amended the Act in 1970, a witness's grand jury testimony is considered a "statement" for purposes of the Act. § 3500(e)(3); United States v. Silva, 745 F.2d 840, 845 (4th Cir. 1984), cert. denied, 470 U.S. 1031 (1985). For a statement to relate to a witness's direct testimony, it "must relate generally to the events and activities testified to." United States v. Derrick, 507 F.2d 868, 871 (4th Cir. 1974) (citations omitted). A district court's determination whether a statement is covered by the Act is not disturbed on appeal unless clearly erroneous. United States v. Escamilla, 467 F.2d 341, 345 (4th Cir. 1972) (in banc). Violations of the Act constitute harmless error when no prejudice results to the defense. United States v. Schell, 775 F.2d 559, 567 (4th Cir. 1985), cert. denied, 475 U.S. 1098 (1986).
 
 
 5
 Dobbs was the principal witness against Horton at trial, both on the stand and in a tape-recorded crack cocaine sale which was played for the jury. Horton argues that his defense required an attack on Dobbs's credibility, especially Dobbs's motivation in becoming an informant and his inconsistent statements before the grand jury.
 
 
 6
 On direct examination, Dobbs testified to the drug transaction with Horton and admitted sales to other unnamed individuals, but he did not provide specific details of those other transactions. There was testimony from another witness and from Dobbs during cross-examination that Dobbs may have been involved with more than a dozen other drug purchases for the authorities. Dobbs's testimony before the grand jury discussed these other drug buys (a fact that Horton assumed, the Government conceded on appeal, and our review of the transcript confirms). Our review of the record, and the contentions of the parties, convinces us that the district court did not clearly err in finding that the redacted portions of Dobbs's grand jury testimony were not relevant to Horton's defense at trial. See United States v. Herrero, 893 F.2d 1512, 1522-24 (7th Cir.), cert. denied, 496 U.S. 927 (1990).
 
 
 7
 We note too that Horton effectively cross-examined Dobbs about his origins as a police informer, his prior drug use, and inconsistencies between his grand jury and trial testimony. Even if nondisclosure in this instance was error, we find such error harmless. See Schell, 775 F.2d at 568.
 
 II.
 
 8
 Grand jury testimony may be disclosed before trial, outside the purview of the Jencks Act, pursuant to Fed. R. Crim. P. 6(e), if the defendant can meet a "particularized need" standard. Silva, 745 F.2d at 845. The trial court has the power to order disclosure of secret grand jury testimony "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(C)(i); Dennis v. United States, 384 U.S. 855, 869-70 (1966). The "mere possibility" of impeaching a witness is not sufficient to show a particularized need. United States v. Chase, 372 F.2d 453, 466 (4th Cir.), cert. denied, 387 U.S. 907 (1967). An appellate court reviews a trial court's determination of whether to disclose grand jury testimony under Rule 6 for an abuse of discretion. Id.
 
 
 9
 Horton was only one of several individuals with whom Dobbs had drug dealings. The redacted testimony referred to other cases, which were at various stages of prosecution, and the district court did not abuse its discretion in preserving the grand jury's secrecy regarding pending criminal matters. See Silva, 745 F.2d at 846.
 
 
 10
 Horton identified four inconsistencies which he maintains are "significant" and establish a particularized need for the entire transcript. Horton argues that (1) Dobbs told the grand jury that the offense occurred on July 28 rather than the previous day (2) on Spring Street rather than Maple Avenue and (3) that he did not use drugs while telling the jury that he used drugs briefly. Further, (4) Dobbs and a police officer disagreed at trial whether state charges against Dobbs were still pending.
 
 
 11
 These "inconsistencies" either were exposed in the redacted version provided Horton or were not related to Dobbs's testimony before the grand jury, and do not show a particularized need for disclosing the complete record of Dobbs's appearance before the grand jury. See Chase, 372 F.2d at 466 (possibility testimony before grand jury differed from testimony at trial does not show particularized need for grand jury material under Fed. R. Crim. P. 6).
 
 
 12
 We find that the district court did not abuse its discretion in declining to release the entire transcript of Dobbs's grand jury testimony under Fed. R. Crim. P. 6(e). We also find that the district court did not clearly err in finding that the redacted portion of the grand jury transcript was not relevant to Horton's defense, and thus did not err in denying Horton's various motions challenging that decision. Even if error, such error was harmless because Horton was not prejudiced by lack of access to the redacted portions.
 
 
 13
 Accordingly, we affirm Horton's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Now codified at 21 U.S.C.A.s 860 (West Supp. 1993)
 
 
 [2]
 The district court sealed a complete transcript of Dobbs's grand jury testimony as Defendant's Exhibit A, for possible submission in an appeal. Without explanation, neither party submitted the sealed document to this Court as part of the record on appeal. Out of an abundance of caution, we have reviewed the entire transcript of Dobbs's testimony before the grand jury in reaching our decision